**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 2 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL RILEY; JEFFERY KOCEN, Derivatively on Behalf of OSI System, Inc., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DEEPAK CHOPRA; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> ALAN EDRICK; et al., <br><br> Defendants. | No. 21-55518 <br><br> D.C. No. 2:18-cv-03371-FMO-SK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Argued and Submitted February 15, 2022
Pasadena, California

Before: BRESS and BUMATAY, Circuit Judges, and BENITEZ,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

Michael Riley and Jeffrey Kocen, shareholders of OSI Systems, Inc. (OSI), brought a derivative suit against OSI's directors, alleging corporate corruption and bribery in connection with a contract between OSI and the Albanian government. The district court dismissed the case for failure to make a demand on the board, *see* Fed. R. Civ. P. 23.1(a), and Riley and Kocen appeal. We have jurisdiction under 28 U.S.C. § 1291. Reviewing for abuse of discretion, *La. Mun. Police Emps.' Ret. Sys. v. Wynn*, 829 F.3d 1048, 1058 (9th Cir. 2016), we affirm.

Under Federal Rule of Civil Procedure 23.1, a putative plaintiff can bring a derivative action "to enforce a right that the corporation or association may properly assert but has failed to enforce." Fed. R. Civ. P. 23.1(a). However, the plaintiff "must first demand action from the corporation's directors or plead with particularity the reasons why such demand would have been futile." *Wynn*, 829 F.3d at 1057 (quotation omitted). The law of the state in which the corporation is incorporated, here Delaware, governs demand futility. *Id.* at 1058.

Under Delaware law, demand is futile if, "on a director-by-director basis," a majority of the board (1) "received a material personal benefit from the alleged misconduct"; (2) "faces a substantial likelihood of liability on any of the claims"; or (3) "lacks independence from someone who received a material personal benefit . . . or who would face a substantial likelihood of liability on any of the claims." *United Food & Com. Workers Union v. Zuckerberg*, 262 A.3d 1034, 1059

2

(Del. 2021); *see also In re Caremark Int'l Inc. Derivative Litig.*, 698 A.2d 959, 967–70 (Del. Ch. 1996). The district court did not abuse its discretion by concluding that plaintiffs did not excuse their failure to make a pre-filing demand on the board.

*First*, the district court did not err in concluding that plaintiffs failed to plead "a sustained or systematic failure of the board to exercise oversight." *Caremark*, 698 A.2d at 971. Plaintiffs' allegations do not support their theory that "the directors utterly failed to implement any reporting or information system or controls." *Stone v. Ritter*, 911 A.2d 362, 370 (Del. 2006). OSI had two committees that had oversight responsibility for the Albanian contract. The Audit Committee discussed the Albanian contract at its meetings, and the board likewise received updates on the contract. By the allegations of the complaint, the board thus made "good faith efforts to put a board-level system of monitoring and reporting in place." *Marchand v. Barnhill*, 212 A.3d 805, 821 (Del. 2019).

The district court also did not abuse its discretion by rejecting plaintiffs' related theory that the board, "having implemented . . . a system or controls, consciously failed to monitor or oversee its operations[.]" *Stone*, 911 A.2d at 370. Plaintiffs' allegations of corruption are speculative, and they did not sufficiently allege "red flags" of "illegality" or "serious misconduct" that should have led a majority of the board to draw plaintiffs' same inferences of corruption. *South v. Baker*, 62 A.3d 1, 15 (Del. Ch. 2012). While plaintiffs point to OSI's administrative

settlement with the United States government, they do not plead a meaningful connection between that settlement and the Albanian contract. As for the Albanian government's refusal to perform on the contract, plaintiffs do not allege that it was motivated by suspicions of illegality, or that the subsequent arbitration proceedings revealed evidence of corruption. With respect to OSI's agreement with its Albanian partner Inspection Control & Measuring Systems, even if the circumstances of that agreement constituted "red flags," plaintiffs have not sufficiently alleged that a majority of the directors knew about and ignored them. *See South*, 62 A.3d at 15. "Delaware law does not permit the wholesale imputation of one director's knowledge to every other for demand excusal purposes." *Towers v. Iger*, 912 F.3d 523, 529 (9th Cir. 2018) (quotation omitted).

*Second*, plaintiffs also did not adequately allege that a majority of directors faced a substantial likelihood of liability for failing to disclose material information to OSI shareholders. Under Delaware law, plaintiffs "must plead facts that show . . . what the directors knew and when." *See In re Citigroup Inc. Shareholder Derivative Litig.*, 964 A.2d 106, 133–34 (Del. Ch. 2009). They must also allege with specificity each director's involvement. *See id.* For most of the challenged statements, plaintiffs have failed to do so. At best, plaintiffs pleaded sufficient facts for only two directors: Mehra and Chopra. Because this falls short of a majority of the seven-director board, the district court did not abuse its discretion by refusing to excuse a

pre-filing demand under this theory.

*Third*, the district court correctly concluded that plaintiffs did not allege that a majority of directors lack independence from Mehra or Chopra, the potentially interested directors. *Zuckerberg*, 262 A.3d at 1059. Plaintiffs argue that director Good lacked independence because of a prior business relationship with Mehra's brother (Chopra's cousin) and an investment in OSI. We disagree. The "professional and social relationships that naturally develop among members of a board" do not suffice. *Beam v. Stewart*, 845 A.2d 1040, 1050–51 (Del. 2004). Neither does "status as a long-term board member" nor investment in the company suffice. *Zuckerberg*, 262 A.3d at 1063. And plaintiffs do not challenge the district court's finding of independence for three other directors. Thus, even assuming, as the district court determined, that director Luskin was not independent, a majority of the board could objectively consider any demand.[1]

**AFFIRMED.**

---

[1] As a result, even if the relevant board was the one in place on December 18, 2019, when the First Amended Complaint was filed and after Mehra left the board, demand would still be required.

5